**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| ADAM CRASK P/K/A SKYY STYLEZ,<br><br>Plaintiff,<br><br>v.<br><br>DUDE PERFECT, LLC;<br>THE INTEGER GROUP, LLC;<br>and PRINGLES, LLC;<br><br>Defendants. | ) | Civil Action No.:<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff, Adam Crask p/k/a Skyy Stylez, by and through his attorneys, Kayira Law, LLC, submits to the Court his Complaint, and for his causes of action against Defendants Dude Perfect, LLC, The Integer Group, LLC, and Pringles, LLC, (collectively "Defendants"), states as follows:

**INTRODUCTION**

1. This is an action for injunctive and other relief under the Copyright Act of 1976, as amended, 17 U.S.C. § 101 et seq. (the "Copyright Act") arising out of Defendants' ongoing infringement of Plaintiff's copyrights in the instrumental composition and sound-recording of the instrumental song entitled "Go Bananas."

2. By any measure, Defendants' "Pringles FlavorSlam" advertising campaign has been a slam-dunk. Combining Pringles' products, The Integer Groups' advertising acumen, and Dude Perfect's viral antics coalesced to create a series of five videos aimed at promoting Pringles' products.

3. Designed to coincide with the National Collegiate Athletic Association Men's Division I Basketball Tournament (hereinafter "NCAA March Madness"), the Pringles FlavorSlam advertising campaign began on February 17, 2014 with a video release via Defendant Dude Perfect's official profile on the video sharing website Youtube.com (hereinafter "Youtube"). The six minute and seven second video, of which a vast majority of the footage is accompanied by Plaintiff's original work Go Bananas, depicts members of Dude Perfect performing "ping pong trick shots."

4. Within the first week of its release, the trick shot video garnered 2 million views on Youtube. By the end of the March Madness tournament on April 7, 2014, the total number of Youtube views had increased to approximately 4,101,273. Total watch time for the trick shot video totaled roughly 31 years and subsequently generated approximately 141,608,885 online advertising impressions.

5. Following the success of the Pringles FlavorSlam campaign, The Integer Group received a myriad of awards including a 2015 Gold Pro Award from Chief Marketer for "Best Use of Games, Contests, and Sweepstakes," a 2014 Mashie Digital Marketing and Advertising Award for "Best Branded Game," a 2014 Art Directors Club of Denver Award for "Mixed-Media Campaigns" as well as Top Honors for "Interactive Advertising," a 2014 Bronze level Reggie Award for "Retailer Specific Campaigns", and a 2014 Bronze Hub Prize from Hub Magazine "honoring excellence in the brand experience." The Integer Group also received a 2014 nomination for a Mashie Digital Marketing and Advertising Award for "Best Product Placement."

**THE PARTIES**

6. Plaintiff Adam Crask p/k/a Skyy Stylez (hereinafter "Plaintiff") is an American producer of musical compositions and sound recordings and a citizen of the State of Missouri.

7. Defendant Dude Perfect, LLC (hereinafter "Dude Perfect") is a Texas limited liability company with a principal place of business located at 7227 West Main St., Suite 400, Frisco, Texas 75034.

8. Dude Perfect is a sports, comedy, and entertainment group specializing in trick shots and a variety of sports related stunts with an emphasis on social media and viral videos.

9. Defendant The Integer Group, LLC (hereinafter "Integer") is a Colorado limited liability company with a principal place of business located at 488 Madison Ave., New York, New York 10022. Integer is an advertising/marketing agency with an office located at 1999 Bryan St., Suite 1700 Dallas, Texas 75201.

10. Defendant Pringles, LLC (hereinafter "Pringles") is a Delaware limited liability company with a principal place of business located at 1 Kellogg Sq., Battle Creek, Michigan 49016.

11. Pringles is a brand of potato and wheat based stackable snack chips owned by the Kellogg Company. Pringles, as a potato chip product brand is reported to be commonly recognizable for its packaging -- a tubular paperboard can with a foil-lined interior and a re-sealable plastic lid.

**JURISDICTION AND VENUE**

6. This is an action for copyright infringement arising under the Copyright Act. The Court has subject matter jurisdiction under 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has original subject matter jurisdiction over all claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. Dude Perfect does continuous and systematic business in Texas and this district. It maintains its principle place of business and employs personnel in Texas and this district, and is thus physically present in the state. *See* Tex. Civ. Prac. & Rem. Code § 17.042. This Court has personal jurisdiction over Defendant Dude Perfect because it resides and regularly conducts business in Texas.

9. Pringles does continuous and systematic business in Texas and this District. Upon information and belief, Pringles has further contracted with a Texas resident to perform a contract in whole or in part in this state and/or has, recruited Texas residents, directly or through an intermediary located in this state, for employment inside or outside this state. This Court has personal jurisdiction over Pringles. See *Id.*, at § 17.042.

10. Interger does continuous and systematic business in Texas and this District. It maintains an office and employs personnel in Dallas, Texas and is thus physically present in the state. See, *Id.* at § 17.042. Upon information and belief, further this Court has personal jurisdiction over Interger because it has contracted with Dude Perfect, a Texas resident located in this district to perform said contract services, in whole or in part, in Texas and this District. *Id.*

11. This Court has personal jurisdiction over Defendants because they each and together do continuous and systematic business and/or have a place of business in this judicial District. Defendants have further, each and together, purposefully directed marketing and promotion of Pringles products as well as their respective services and products toward Texas residents, have profited from Texas residents, and have otherwise had sufficient contacts with the state of Texas and this District.

12. Venue is proper in this district under 28 U.S.C. §§ 1391(b), (c) and 1400(a) because a substantial part of the events rise to the claims asserted herein occurred in this District and Defendants are subject to personal jurisdiction in this District.

**FACTUAL ALLEGATIONS**

13. On or about January 9, 2011, Plaintiff authored an original instrumental musical composition or "beat" embodied in a sound recording entitled "Go Bananas."

14. Plaintiff is and has been at all times the sole owner of the copyright in Go Bananas.

15. On or about July 9, 2014, Plaintiff registered both the musical composition and the sound recording of Go Bananas with the United States Copyright Office bearing the registration number SRu001175263. An accurate copy of the Certificate of Registration is attached to this pleading as **Exhibit 1**.

16. Pursuant to the Copyright Act, 17 U.S.C. § 106, Plaintiff, as owner of the copyright in Go Bananas, is the owner of the exclusive rights to reproduce that work, to distribute copies of that work, to prepare derivative works based upon that work, and to publicly perform that work.

DUDE PERFECT'S ACTIONS IN INFRINGEMENT

15. Upon information and belief, in 2013, Defendant Dude Perfect partnered with Defendants Integer and Pringles to launch a nationwide advertising campaign promoting Pringles' products (hereinafter "The Campaign").

16. On or about February 17, 2014, Defendant Dude Perfect uploaded a video containing portions of Plaintiff's work Go Bananas entitled "Ping Pong Trick Shots | Dude Perfect" (hereinafter "Infringing Video 1") to Youtube.

17. On or about February 21, 2014, Infringing Video 1 reached number 43 on Youtube's most popular videos list.

18. As of August 12, 2015, Infringing Video 1 has been viewed 19,502,165 times on Youtube.

19. On or about February 17, 2014, Defendant Dude Perfect posted a link to Infringing Video 1 to the official Dude Perfect profile page on the social media website Facebook.com (hereinafter "Facebook").

20. As of August 12, 2015, Infringing Video 1 as posted to Facebook on February 17, 2014 has garnered 1,538 likes.

21. On or about January 19, 2015, Defendant Dude Perfect reposted and imbedded Infringing Video 1 to the official Dude Perfect profile page on Facebook.

22. As of August 12, 2015, Infringing Video 1 as posted to Facebook on January 19, 2015 has garnered 5,715,360 views and 152,538 likes.

23. On or about February 17, 2014 Defendant Dude Perfect imbedded Infringing Video 1 to the official Dude Perfect website at DudePerfect.com.

24. On or about February 18, 2014, Defendant Dude Perfect uploaded a second video (hereinafter "Infringing Video 2") containing portions of Plaintiff's work Go Bananas to the official Dude Perfect profile page on the social media application Instagram (hereinafter "Instagram").

25. As of August 12, 2015, Infringing Video 2 has garnered 13,193 likes on Instagram.

26. On or about February 25, 2014, Defendant Dude Perfect uploaded a third video (hereinafter "Infringing Video 3") containing portions of Plaintiff's work Go Bananas to the official Dude Perfect profile page on Instagram.

27. As of August 12, 2015, Infringing Video 3 has garnered approximately 12,640 likes on Instagram.

INTEGER'S ACTIONS IN INFRINGEMENT

28. Upon information and belief, in 2013, Defendant Integer, a full-service marketing agency, partnered with Defendants Dude Perfect and Pringles to launch The Campaign.

29. Upon information and belief, The Campaign utilized the slogan "You Don't Just Eat 'Em" to create the "FlavorSlam" game to stimulate brand recognition of Pringles' products.

30. Upon information and belief, The Campaign sought to drive a ten percent increase in sales of Pringles' products by appealing to the mass public during March Madness.

31. On or about February 17, 2014, Defendant Integer produced a promotional video for Pringles' products, which makes use of Go Bananas without permission from Plaintiff.

32. On or about May, 5 2014, Defendant Integer uploaded a two minute video containing portions of Plaintiff's work Go Bananas entitled "Pringles #FlavorSlam Case Study" (hereinafter "Infringing Video 4") to Youtube.

33. Upon information and belief, beginning on or about February 17, 2014 and extending through the duration of the 2014 NCAA March Madness tournament, Pringles realized a 22 percent sales increase in comparison to sales figures from 2013 as a result of The Campaign.

34. On or about January 12, 2015 Defendant Integer uploaded Infringing Video 4, now entitled "Pringles Flavor Slam," onto its official page on the video sharing website Vimeo.com (hereinafter "Vimeo").

35. As of August 12, 2015, Infringing Video 4 has been viewed 722 times on Youtube.

PRINGLES' ACTIONS IN INFRINGEMENT

36. Upon information and belief, in 2013, Defendant Pringles partnered with Defendants Dude Perfect and Integer to launch The Campaign.

37. On or about February 17, 2014, Defendant Pringles created an interactive website incorporating The Campaign, which can be found at PringlesFlavorSlam.com.

38. In addition to viewing Infringing Video 1, visitors to PringlesFlavorSlam.com were able to view trick shot videos created by other individuals and consumers of The Campaign.

39. On or about February 17, 2014, Defendant Pringles posted a link to Infringing Video 1 to the official Pringles profile page on the social media website Twitter.com (hereinafter "Twitter").

40. On or about February 18, 2014, Defendant Pringles posted a link to Infringing Video 1 on the official Pringles US profile page on Facebook.

41. As of August 12, 2015, the Infringing Video 1 link as posted to Facebook on February 18, 2014 has garnered 43 likes on Facebook.

42. On or about February 20, 2014, Defendant Pringles uploaded a video containing portions of Plaintiff's work Go Bananas entitled "Dude Perfect's #FlavorSlam Pringles Ping-Pong Trick Shot Teaser" (hereinafter "Infringing Video 5") to Youtube.

43. As of August 12, 2015, Infringing Video 5 has garnered 16,635 likes on Youtube.

44. On or about February 20, 2014, Defendant Pringles posted a link to Infringing Video 5 to the official Pringles US profile page on Facebook.

45. As of August 12, 2015, the Infringing Video 5 link as posted to Facebook on February 20, 2014 has garnered 213 likes.

46. On or about March 1, 2014, Defendant Pringles reposted the link to Infringing Video 1 to the official Pringles US profile page on Facebook.

47. As of August 12, 2015, the Infringing Video 1 link as posted to Facebook on March 1, 2014 has garnered 28 likes.

**COUNT I**
**DIRECT COPYRIGHT INFRINGEMENT**
**(Against Defendant Dude Perfect)**

48. Plaintiff re-alleges and incorporates by reference the foregoing allegations of this complaint, as if set forth fully herein.

49. Under Section 106 of the Copyright Act, 17 U.S.C. § 106, the owner of a copyright has the exclusive right to reproduce, distribute, publicly perform, and create derivative works based on the copyrighted work or authorize the reproduction, distribution, public performance, and creation of derivative works based on the copyrighted work.

50. Dude Perfect, without authority, is making, causing to be made, and purporting to authorize the making of unauthorized copies of Plaintiff's registered copyrighted work. Dude Perfect's conduct constitutes direct infringement of Plaintiff's exclusive rights under the Copyright Act to reproduce his copyrighted work.

51. Dude Perfect has synchronized Plaintiff's Beat into one or more of the Infringing Videos promoting Pringles' products without permission from Plaintiff, all of which contain substantial and significant portions of Plaintiff's Beat.

52. Upon information and belief, Dude Perfect has reproduced and distributed copies of the Infringing Videos to Interger for the commercial benefit of its client, Pringles.

53. Dude Perfect willfully, intentionally and purposefully uploaded Infringing Video 1 onto computers that host Dude Perfect's official Youtube account and official Facebook account producing a copy of Infringing Video 1 on those computers, and thereby making Infringing Video 1 publicly available.

54. Dude Perfect willfully, intentionally and purposefully uploaded Infringing Video 1 onto a computer that hosts Dude Perfect's official website producing a copy of Infringing Video 1 on that computer, and thereby making Infringing Video 1 publicly available.

55. Dude Perfect willfully, intentionally, and purposefully uploaded Infringing Video 2 and Infringing Video 3 onto the social media platform that hosts Dude Perfect's official Instagram account producing a copy of Infringing Video 2 and Infringing Video 3 on that platform, and thereby making Infringing Video 2 and Infringing Video 3 publicly available.

56. As a direct and proximate result of Dude Perfect's infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c). Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to his actual damages plus Defendant's profits from infringement, as will be proven at trial.

57. Plaintiff is entitled to his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

58. As a direct and proximate result of Dude Perfect's copyright infringement, Plaintiff has suffered and will continue to suffer substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, Dude Perfect will continue to infringe Plaintiff's copyright in the Beat. Pursuant to 17 U.S.C. §

502, Plaintiff is entitled to a permanent injunction requiring Defendant to employ reasonable methodologies to prevent or limit infringement of Plaintiff's copyrights.

**COUNT II**
**DIRECT COPYRIGHT INFRINGEMENT**
**(Against Defendant Integer)**

59. Plaintiff re-alleges and incorporates by reference the foregoing allegations of this complaint, as if set forth fully herein.

60. Interger without authority, is making, causing to be made, and purporting to authorize the making of unauthorized copies of Plaintiff's registered copyrighted work. Interger's conduct constitutes direct infringement of Plaintiff's exclusive rights under the Copyright Act to reproduce his copyrighted work.

61. Interger has synchronized Plaintiff's Beat into one or more of the Infringing Videos promoting Pringles' products without permission from Plaintiff, all of which contain substantial and significant portions of Plaintiff's Beat.

62. Upon information and belief, Dude Perfect has reproduced and distributed copies of the Infringing Videos to Pringles.

63. Integer willfully, intentionally and purposefully uploaded Infringing Video 4 onto computers that host Integer's official Youtube account and official Vimeo account producing a copy of Infringing Video 4 on those computers, and thereby making Infringing Video 4 publicly available.

64. Interger willfully, intentionally, and purposefully uploaded Infringing Video 2 and Infringing Video 3 onto the social media platform that hosts Dude Perfect's official Instagram account producing a copy of Infringing Video 2 and Infringing Video 3 on that platform, and thereby making Infringing Video 2 and Infringing Video 3 publicly available.

65. As a direct and proximate result of Interger's infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c). Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to his actual damages plus Defendant's profits from infringement, as will be proven at trial.

66. Plaintiff is entitled to his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

67. As a direct and proximate result of Interger's copyright infringement, Plaintiff has suffered and will continue to suffer substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, Interger will continue to infringe Plaintiff's copyright in the Beat. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction requiring Defendant to employ reasonable methodologies to prevent or limit infringement of Plaintiff's copyrights.

68. As a direct and proximate result of Integer's infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff shall be entitled to his actual damages plus Integer's profits from infringement, as will be proven at trial.

69. As a direct and proximate result of Integer's copyright infringement, Plaintiff has suffered and will continue to suffer substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, Integer will continue to infringe Plaintiff's copyright in Go Bananas. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction requiring Integer to employ reasonable methodologies to prevent or limit infringement of Plaintiff's copyrights.

**COUNT III**
**DIRECT COPYRIGHT INFRINGEMENT**
**(Against Defendant Pringles)**

70. Plaintiff re-alleges and incorporates by reference the foregoing allegations of this complaint as if set forth fully herein.

71. Pringles willfully, intentionally and purposefully uploaded Infringing Video 1 onto computers that host Pringles' official Facebook account, Pringles' official Twitter account, and PringlesFlavorSlam.com producing a copy of Infringing Video 1 on those computers, and thereby making Infringing Video 1 publicly available.

72. Pringles willfully, intentionally and purposefully uploaded Infringing Video 5 onto computers that host Pringles' official Youtube account and official Facebook page producing a copy of Infringing Video 5 on those computers, and thereby making Infringing Video 5 publicly available.

73. As a direct and proximate result of Pringles' infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff shall be entitled to his actual damages plus Pringles' profits from infringement, as will be proven at trial.

74. As a direct and proximate result of Pringles' copyright infringement, Plaintiff has suffered and will continue to suffer substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, Pringles will continue to infringe Plaintiff's copyright in Go Bananas. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction requiring Pringles to employ reasonable methodologies to prevent or limit infringement of Plaintiff's copyrights.

**COUNT IV**
**VICARIOUS COPYRIGHT INFRINGEMENT**
**(Against Defendants Dude Perfect and Interger)**

75. Plaintiff re-alleges and incorporates by reference the foregoing allegations of this complaint as if set forth fully herein.

76. Defendants and others have infringed and are infringing Plaintiff's rights in his registered copyrighted work by, inter alia, reproducing, distributing, publicly performing, or creating derivative works based on the copyrighted work, or authorizing the reproduction, distribution and creation of derivative works based on the copyrighted work, all without authorization. Defendants and others are therefore directly infringing Plaintiff's exclusive rights under 17 U.S.C. § 106.

77. As producer of the Infringing Videos and administrator of the Pringles FlavorSlam advertising campaign throughout social media, Defendants Dude Perfect and Interger have the right and ability to control and supervise Pringles and others' infringement of Plaintiff's copyright. By authorizing the exploitation of the Infringing Videos, Defendants Dude Perfect and Interger have failed to supervise and control Pringles and others' infringement of Plaintiff's copyright.

78. Upon information and belief, Defendants Dude Perfect and Interger have derived, and continue to derive, direct financial benefit from the infringing activities of Pringles and others, including, without limitation, those fees and/or commissions collected from Pringles for the production of the Infringing Videos and administration of the social media advertising and marketing campaign, including but not limited to, Pringles official YouTube account.

79. As a direct and proximate result of Defendants Dude Perfect and Interger's infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to

the maximum statutory damages pursuant to 17 U.S.C. § 504(c). Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to his actual damages plus Defendant's profits from infringement, as will be proven at trial.

80. Plaintiff is entitled to his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

81. As a direct and proximate result of Defendants Dude Perfect and Interger's vicarious copyright infringement, Plaintiff has suffered and will continue to suffer substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, Defendants Dude Perfect and Interger will continue to infringe Plaintiff's copyright in the Beat. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction requiring Defendants to employ reasonable methodologies to prevent or limit infringement of Plaintiff's copyrights.

**COUNT V**
**VICARIOUS COPYRIGHT INFRINGEMENT**
**(Against Defendant Pringles)**

82. Plaintiff re-alleges and incorporates by reference the foregoing allegations of this complaint, as if set forth fully herein.

83. Defendants and others have infringed and are infringing Plaintiff's rights in Go Bananas by, inter alia, reproducing, distributing, publicly performing, or creating derivative works based on the copyrighted work, or authorizing the reproduction, distribution and creation of derivative works based on Plaintiff's work Go Bananas, all without authorization. Defendants and others are therefore directly infringing Plaintiff's exclusive rights under 17 U.S.C. § 106.

84. By employing Integer and Dude Perfect to produce Infringing Video 1, Infringing Video 2, Infringing Video 3, Infringing Video 4, Infringing Video 5, and as administrator of the

Pringles' official Facebook page, the Pringles' official twitter account, the Pringles' official Youtube account, and the PringlesFlavorSlam.com website, Pringles has the right and ability to control and supervise Integer, Dude Perfect, and others' infringement of Plaintiff's copyright. By authorizing the production of Infringing Video 1, Infringing Video 2, Infringing Video 3, Infringing Video 4, and Infringing Video 5, Pringles has failed to control and supervise Integer, Dude Perfect, and others' infringement of Plaintiff's copyright.

85. Upon information and belief, Pringles has derived, and continues to derive, direct financial benefit from the infringing activities of Integer, Dude Perfect, and others, including, without limitation, revenue generated by sales of Pringles' products attributable to The Campaign.

86. As a direct and proximate result of Pringles' infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff shall be entitled to his actual damages plus Defendant's profits from infringement, as will be proven at trial.

87. As a direct and proximate result of Pringles' vicarious copyright infringement, Plaintiff has suffered and will continue to suffer substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, Pringles will continue to infringe Plaintiff's copyright in the Beat. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction requiring Pringles to employ reasonable methodologies to prevent or limit infringement of Plaintiff's copyrights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against all Defendants as follows:

a. For a declaration that Defendants infringe Plaintiff's copyright;

b. For a declaration that all of Defendants' rights in any infringing works, including but not limited to Infringing Video 1, Infringing Video 2, Infringing Video 3, Infringing Video 4, Infringing Video 5, and any recordings embodying those works, are null and void, and declaring Plaintiff the owner of all such rights in said works and recordings;

c. For a permanent injunction requiring that Defendants and their agents, officers, representatives, operatives, distributors, employees, servants, successors, assigns and attorneys and all those in active concert or participation with them, cease directly or indirectly, or causing, enabling, facilitating, encouraging, promoting and inducing or participating in the infringement of Plaintiff's respective copyrights or exclusive rights protected by the Copyright Act in Go Bananas, including but not limited to, manufacturing, creating, producing, recording, advertising, copying, displaying, marketing, performing, reproducing, importing, selling, offering for sale, and/or distributing any item(s) which contains unauthorized portions of Plaintiff's work Go Bananas;

d. For a declaration directing Defendants to recall, seize and impound any and all copies of materials which contain unauthorized portions of Go Bananas, including but not limited to, all records, audio and video tapes, digital audio tapes, digital video discs, and compact discs;

e. For a declaration directing Defendants to cancel and declare void any and all contracts, including but not limited to, contracts with artists, producers, distributors, retailers, wholesalers, online service providers and television networks that involve materials which contain unauthorized portions of Go Bananas;

f. For a declaration directing Defendants to disseminate corrective advertising to ameliorate the adverse consequences of their infringing and/or unlawful acts; the content, nature, form and extent of which is to be approved by Plaintiff and this Court;

g. For a declaration imposing a constructive trust over those monies obtained by Defendants as a result of their copyright infringement;

h. For a declaration directing Defendants to account for all gains, profits, savings and advantages realized by Defendants from the aforesaid infringing and unlawful acts;

i. For actual damages plus Defendants' profits from infringement, pursuant to 17 U.S.C. § 504(b), as will be proven at trial; and

j. For such other and further relief as the Court deems just, proper and equitable under the circumstances.

**JURY DEMAND**

Plaintiff requests a jury trial.

Respectfully submitted,

**KAYIRA LAW, LLC**

By: *__/s/ Eric F. Kayira__________*.
Eric F. Kayira, #50672MO
200 S. Hanley Road, Suite 208
St. Louis, Missouri 63105
(314) 899-9381
(314) 899-9382 facsimile
Eric.kayira@kayiralaw.com

***Attorneys for Plaintiff***